The TRAVELERS INSURANCE
COMPANY
v.
Irvin M. LUPIN.
Civ. A. No. 18470.

United States District Court
E. D. Pennsylvania.
June 6, 1955.

Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., by J. B. H. Carter, Philadelphia, Pa., for plaintiff.

McBride & VonMoschzisker, Philadelphia, Pa., by John Rogers Carroll, Philadelphia, Pa., for defendant.

WELSH, District Judge.

One Jay Stanley Hartzell, the insured named in a policy of life insurance issued by the plaintiff company, died on July 13, 1954. On August 26, 1954 proofs of death were submitted and a claim for $15,000 (the face amount of the policy in question), was filed by the named beneficiary, the defendant here and business partner of the insured. An investigation was subsequently conducted by the plaintiff company, at the conclusion of which it commenced this action on January 28, 1955 to (1) cancel or rescind the policy in question because of the fraud of the insured in connection with the application for life insurance, (2) prohibit the defendant from assigning the policy or any rights thereunder and (3) prohibit defendant from instituting or prosecuting any action or proceeding against plaintiff company by reason of or based upon the policy. Defendant in due course filed his answer, putting in the question of fraud of the insured. Also, defendant in his answer filed a counterclaim for the face amount of the policy and made a demand for a jury trial in said counterclaim. Plaintiff company then filed the instant motions to (1) strike the counterclaim and the jury trial demand in connection therewith and (2) suspend action on the counterclaim and try the matter without a jury.

The purpose of plaintiff's motions, as stated by its counsel at oral argument, is to have its case which is equitable in nature tried first to the Court without a jury. Defendant's argument in opposition is that to do as urged by plaintiff would be to deprive defendant of his constitutional right to a trial by jury

in his counterclaim. As we see it the question is: "Which case shall the Court try first, the case in equity or the case at law?"

Courts of equity have through the centuries been the forum for the trial of causes involving fraud or seeking certain forms of equitable relief. The present case typifies the genesis of equitable jurisdiction from earliest times. The priority of rights, so far as jurisdiction is concerned, is in the plaintiff company. We feel that under all the circumstances and the controlling principles of law that the plaintiff should not be displaced and forced to abandon his forum.