The MINNESOTA MUTUAL LIFE IN-
SURANCE COMPANY
v.

Mary BRODISH, individually and as ex-
ecutrix of the Estate of Stephen
Brodish, deceased.

Civ. A. No. 30334.

United States District Court
E. D. Pennsylvania.

Jan. 10, 1962.

Edward W. Madeira, Jr., of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

I. Raymond Kremer, of Rush & Kremer, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

Plaintiff brought this action for a declaratory judgment declaring void because of fraudulent misrepresentations two policies of insurance which it issued on the life of Stephen Brodish, in which his wife, Mary Brodish, is designated as beneficiary. Defendant answered denying the allegations of fraudulent misrepresentation and counterclaimed for the face amount of the policies.[1]

Plaintiff replied to the counterclaim and ordered the case on the non-jury trial list. Promptly thereafter defendant demanded a jury trial. Thereupon plaintiff filed the present motion to suspend action on the counterclaim and to try its complaint without a jury on the ground that the complaint is equitable in nature and will be reached for hearing prior to the jury trial of the counterclaim. Defendant answered the motion, alleging in substance that plaintiff prevented her from suing first by holding up the policy blanks which it knew she intended to use as exhibits to a complaint.

We need not enter upon a consideration of such subordinate matters as alleged maneuvering for tactical advantage. Plaintiff's motion must fail for a consideration of far higher significance. In Beacon Theatres v. Westover, 359 U.S.

---

1. Plaintiff named as defendant the widow individually and as executrix of the estate of her deceased husband, the insured. The counterclaim against plaintiff is as-serted on behalf of "defendant", but it manifestly seeks recovery on behalf of the widow individually.

500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), the Supreme Court held that the constitutional right of trial by jury under the Seventh Amendment must prevail when a common issue is involved both at law and in an equitable proceeding. The wide application of the rule there laid down is emphasized by the words of Mr. Justice Black: "Only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." (pp. 510–11, 79 S.Ct. p. 957.)

 The Beacon case was a suit neither in equity nor at law, but a statutory proceeding under the Declaratory Judgments Act (28 U.S.C. §§ 2201, 2202), a remedy provided by Congress in which trial by jury is preserved (Beacon Theatres v. Westover, supra, at p. 504, 79 S.Ct. 984). But the plaintiff there sought the equitable aid of injunction, just as here in a declaratory judgment suit plaintiff seeks the equitable remedy of recission and cancellation. The issue of fraudulent misrepresentation is decisive of the issue in both the plaintiff's suit and the counterclaim. For if the insured was guilty of fraudulent misrepresentation the beneficiary cannot recover. This issue it is the defendant's right under the Seventh Amendment to have decided by a jury.[2] Even were this a purely equitable proceeding,[3] and not a statutory declaratory judgment action, the Beacon doctrine tells us that the longest footed chancellor may not cross the line established by the Seventh Amendment.

The motion to suspend action on the counterclaim therefore must be denied. The case should remain on the civil jury trial list and not on the civil non-jury trial list. When it is reached for trial both the complaint and counterclaim will be tried together before a jury.

We accordingly enter the following

2. Travelers Ins. Co. v. Lupin, 18 F.R.D. 67, decided in this District in 1955, and relied on by plaintiff, has lost its force since the Beacon case.

ORDER

AND NOW, January 10, 1962, the motion to suspend action on the counterclaim is denied. Both the complaint and counterclaim shall be tried by jury pursuant to defendant's demand for jury trial.

3. See Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5th Cir. 1961), following the Beacon case.