**PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, a foreign corporation, Plaintiff,**

v.

**James A. ADIE, Defendant,**

No. 95–40183.

United States District Court, E.D. Michigan, Southern Division.

Sept. 30, 1997.

---

**1270**

Stephen L. Witenoff, Thomas, DeGrood, Southfield, MI, for Plaintiff.

James E. DeLine, Kerr, Russell, Detroit, MI, for Defendant.

### MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S DEMAND FOR A JURY TRIAL

GADOLA, District Judge.

On or about May 31, 1995, plaintiff, Provident Life and Accident Insurance Company, Inc. ("Provident") instituted this action for a declaration[1] that insurance policy number 06–337–B4098261 ("Policy") issued by it to defendant Dr. James A. Adie ("Dr.Adie") is null and void under Michigan law, that Provident owes no obligations under that Policy whatsoever, and that said Policy be rescinded from its inception. On July 13, 1995, defendant Dr. Adie filed a two-count countercomplaint seeking a declaration that Provident *is* obligated to pay Dr. Adie benefits provided for in the Policy and also seeking damages resulting from Provident's alleged breach of contract in failing to pay the same.

Along with his counterclaim, Dr. Adie filed a Jury Demand. On July 22, 1997, at the final pretrial conference held in this case, counsel for both parties informed this court of their conflicting positions as to whether Dr. Adie is entitled to try all or a portion of his case before a jury. It is Provident's position that its claim for declaratory relief and rescission of the Policy must be tried by a judge first, and in the event the judge rules that Provident is not entitled to rescission of the Policy, thereafter, all remaining damage issues can be submitted to a jury for determination. It is Dr. Adie's position that Provident is not entitled to a bench trial on its claim for declaratory relief first. Dr. Adie contends that before this court resolves Provident's asserted claim for rescission and declaratory relief, he is entitled to jury trial on all factual issues common to both his claims and Provident's claim.

To assist the court in this matter, Dr. Adie filed a "Memorandum of Law in Support of Defendant's Right to [a] Jury Trial" on July 22, 1997, to which Provident responded on August 6, 1997, and to which Dr. Adie replied on August 13, 1997. Having reviewed both parties' written submissions and being otherwise fully advised in the premises, this court is now prepared to rule on this matter. For the reasons stated below, this court holds that Dr. Adie is entitled to a jury trial on all questions of fact common to both his and Provident's case.

The Seventh Amendment guarantees the right to a jury trial "in suits at common law." U.S. Const., Amend. VII. *See also* Fed. R. Civ. Proc. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."). Indeed, the right to a jury trial is a precious one. As stated by the Supreme Court in *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935), the "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."

In deciding whether the Seventh Amendment entitles a litigant to a jury trial in a particular case, a court must ascertain whether the case will resolve legal rights. If the case involves only equitable rights, then a jury trial is not allowed. *See Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974) (recognizing that the framers of the Bill of Rights intended for a right to a jury trial in "not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and

---

1. *See* the Declaratory Judgment Act, 28 U.S.C. § 2201.

determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered") (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 446–47, 7 L.Ed. 732 (1830)). The Sixth Circuit has established a two-part test to assist in the determination of the type of rights involved in a given action. First, a court must compare the case at issue to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Golden v. Kelsey–Hayes Co.*, 73 F.3d 648, 659 (6th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 49, 136 L.Ed.2d 13 (1996). "If the case at issue was unknown in 18th century England, [the court] must look to an analogous claim that existed then to guide [it] in deciding whether the present case is legal or equitable." *Id.* Second, and most importantly, the court must determine the remedies sought and determine whether they are legal or equitable in nature. *Id.*

■ Putting the aforementioned test in operation, it is evident that Provident's claim for declaratory relief involves rights equitable in nature. *Kelsey–Hayes*, 73 F.3d at 661 ("Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues.") (quoting *United States v. New Mexico*, 642 F.2d 397, 400 (10th Cir.1981)). In this instance, Provident requests a declaration that the Policy issued to Dr. Adie be rescinded with a determination that Provident has no rights or obligations thereunder. Provident insists that Dr. Adie, in completing his application for insurance, made material misrepresentations regarding his past and future income, which renders the Policy void *ab initio* under Michigan law. *See* Mich. Comp. Laws § 500.2218. Provident's claim is comparable to a claim for rescission of a contract, which 18th Century England would have characterized as equitable. *See* Blacks Law Dictionary, Rev. 4th Ed., 1306–07 (1968) defining "rescission of contract" as "an action of an **equitable** nature in which a party seeks

to be relieved of his obligations under a contract on the grounds of mutual mistake, fraud, impossibility, etc." Moreover, the remedy sought by Provident (i.e., rescission) is equitable in nature.

Having determined that Provident's action is equitable in nature does not end the inquiry. This court must also examine the nature of Dr. Adie's counterclaims in order to determine if any one of those counterclaims is legal in nature, making it inappropriate for a judge to decide Provident's claim for equitable relief first. As the Supreme Court has held:

> where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472–73, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962) (citing *Beacon Theatres Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), wherein it was held that "the legal claims involved in the action [had to] be determined prior to any final court determination of respondents' equitable claims" because the legal and equitable claims involved common factual issues).[2]

■ Here, at least one of Dr. Adie's claims, and specifically his breach of contract claim for money damages, is legal in nature. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570, 110 S.Ct. 1339, 1347, 108 L.Ed.2d 519 (1990) (finding a breach of contract claim to be a legal issue). As such, this court must be extremely careful so as to not trample Dr. Adie's right to litigate this claim by way of a jury. Specifically, this court must *not* decide Provident's equitable claim for declaratory relief and rescission prior to Dr. Adie's breach of contract

**2.** In *Dairy Queen*, the Supreme Court observed that after the adoption of the Federal Rules, which condoned the joining of legal and equitable claims in one action,

> attempts were made indirectly to undercut (the right to a jury trial] by having federal courts in which cases involving both legal and equitable claims were filed decide the equitable claim

first. The result of this procedure in those cases in which it was followed was that any issue common to both the legal and equitable claim was finally determined by the court and the party seeking trial by jury on the legal claims was deprived of that right as to these common issues.

369 U.S. at 472, 82 S.Ct. at 897.

claim. An examination of the factual issues relevant to both claims compels this result.

■ It is undeniable that the factual issues pertinent to Dr. Adie's legal claim are identical to the issues relevant to Provident's claim. In determining whether Provident breached an alleged contractual duty to pay Dr. Adie benefits, the critical factual questions are:

(1) Did Dr. Adie misrepresent his 1993 income, and

(2) Were Dr. Adie's misrepresentations of his 1991 and 1992 income material.

If the answer to both these questions is "yes," then Dr. Adie's claim for breach of contract will fail.[3] Likewise, the same two factual issues are essential to the resolution of Provident's claim. If the answer to the above-mentioned two questions is "yes," then Provident will succeed on its claim for declaratory relief and rescission. Since both claims involve the same factual issues, should this court determine either one of the factual issues on its own before a trial by jury, Dr. Adie would be denied his constitutional right to a jury trial.[4]

There is no controlling authority directly on point. However, the case of *Minnesota Mutual Life Ins. Co. v. Brodish*, 200 F.Supp. 777 (E.D.Pa.1962) is instructive. In that case, plaintiff-insurer brought an action for declaratory judgment declaring void two policies of insurance issued to Stephen Brodish, in which his wife, Mary Brodish, was designated as beneficiary. Mary Brodish counterclaimed for the face value of the policies, and also demanded a jury trial. After defendant filed her jury demand, the insurer filed a motion to suspend the action on the counterclaim. Plaintiff argued that its claim was equitable in nature and therefore should be resolved by a bench trial prior to a jury trial on defendant's counterclaim. The court denied plaintiff's motion to suspend the counterclaim, and ruled that both the complaint and counterclaim would be tried by a jury pursuant to defendant's demand for a jury

trial. Relying on *Beacon Theatres, Inc.*, 359 U.S. 500, 79 S.Ct. 948, the court stated:

> The issue of fraudulent misrepresentation is decisive of the issue in both the plaintiff's suit [for the equitable remedy of rescission and cancellation] and the counterclaim. For if the insured was guilty of fraudulent misrepresentation the beneficiary cannot recover. This issue it is the defendant's right under the Seventh Amendment to have decided by a jury.

*Id.* at 778.

For all the foregoing reasons, **IT IS HEREBY ORDERED** that the two factual issues common to Dr. Adie's and Provident's claims shall be tried by a jury before a separate determination, if any, on Provident's asserted claim.

**SO ORDERED.**

---

**3.** So too will Dr. Adie's claim for declaratory relief fail.

**4.** This memorandum opinion and order is not intended to limit jury issues to the two issues

discussed herein and raised by the parties in their briefs, namely, whether Dr. Adie misrepresented his 1993 income and whether Dr. Adie's misrepresentations of his 1991 and 1992 income were material.